

# NUMBER 13-20-00515-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOHN D. FERRARA,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

---

### On appeal from the County Court at Law No. 5
### of Cameron County, Texas.

---

## ABATEMENT ORDER

### Before Justices Benavides, Longoria, and Tijerina
### Order Per Curiam

Appellant, John D. Ferrara, filed a notice of appeal with this Court from a denial of habeas corpus. The trial court's certification of the defendant's right to appeal, dated November 14, 2019, indicates that the case is a plea bargain case, and the defendant has no right to appeal. *See* Tex. R. App. P. 25.2(a)(2). The Texas Rules of Appellate

Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. Tex. R. App. P. 25.2(d); *see* Tex. R. App. P. 37.1, 44.3, 44.4.

On October 10, 2020, appellant filed a motion requesting habeas corpus relief. On November 2, 2020 the trial court denied the writ of habeas corpus; however, there is no trial court certification related to the appealability of the order denying habeas corpus relief. Because of the ambiguity of the record and certification, we abate and remand this case to the trial court for recertification of appellant's right of appeal. *See* Tex. R. App. P. 34.5(c), 44.3, and 44.4.

On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the foregoing matter. We direct the trial court to recertify whether appellant has the right of appeal.

Furthermore, upon remand the trial court shall determine whether appellant is entitled to appointed counsel or waives his right to counsel and elects to proceed pro se. If the trial court determines that new counsel should be appointed, the name, address, telephone number, email address, and state bar number of newly appointed counsel shall be included in the order appointing counsel. If the trial court determines that appellant waives his right to counsel and elects to proceed pro se, the court shall enter an order to that effect.

The trial court shall cause the certification of appealability and its order related to the appointment of counsel to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of December, 2020.